# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GOLDEN VASQUEZ,**

      **Plaintiff,**

**vs.**                        **Case No. 4:18cv122-RH/CAS**

**JULIE JONES, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a complaint, ECF No. 1, which was hand written and not on court forms.  Plaintiff did not, however, pay the filing fee at the time she submitted her complaint, ECF No. 1, nor did she file an in forma pauperis motion.  An Order was entered requiring Plaintiff to do one or the other to proceed with this case by May 21, 2018.  ECF No. 4.  Additionally, Plaintiff was provided a complaint form so that she could properly proceed in this action.  *Id.*  She was required to file an amended complaint on the court form provided to her by the same deadline.  *Id.*  Plaintiff was warned that if she failed to comply with that Order, a recommendation would be made to dismiss this case.  *Id.*  As of this date,

Plaintiff has not complied.  Having been warned of the consequences of failing to comply, this case should now be dismissed as Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[1] Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, rake other appropriate action, or issue an order to show cause why

---

[1] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Case No. 4:18cv122-RH/CAS

any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. This case should now be dismissed for failure to prosecute and comply with a Court Order.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2018.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**